UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CEMENT MASONS' UNION LOCAL NO. | : | CIVIL ACTION |
| 592 PENSION FUND, CEMENT MASONS' | : | |
| UNION LOCAL NO. 592 WELFARE FUND, | : | |
| GENERAL BUILDING CONTRACTORS | : | |
| ASSOCIATION, INC. INDUSTRY | : | |
| ADVANCEMENT PROGRAM, CEMENT | : | |
| MASONS' UNION LOCAL NO. 592 | : | |
| POLITICAL ACTION COMMITTEE, CEMENT | : | |
| MASONS' UNION LOCAL NO. 592 JOINT | : | |
| APPRENTICESHIP TRAINING FUND, | : | |
| CEMENT MASONS' UNION LOCAL 592 | : | |
| OF PHILADELPHIA, PA; and | : | |
| MIKE FERA, a fiduciary | : | |
| 2501 Snyder Avenue | : | |
| Philadelphia, PA 19l45 : | | |
| | : | |
| Plaintiffs | : | |
| v. | : | |
| | : | |
| NET CONSTRUCTION, INC. | : | |
| 179 Washington Lane, Bldg. B (Ste. 10) | : | |
| Jenkintown, PA  19046 | : | |
| | : | |
| and | : | |
| | : | |
| CHRISTOPHER COLLETTI | : | |
| 179 Washington Lane, Bldg. B (Ste. 10) | : | |
| Jenkintown, PA  19046 | : | |
| | : | |
| Defendants | : | NO. |

**COMPLAINT**

Plaintiffs, by undersigned counsel, complain about Defendant as follows:

**JURISDICTION**

101084-1

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§l85(a), 1132 and 1145 and 28 U.S.C. §1367.

2. A copy of this Complaint has been served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail.

## VENUE

3. Venue lies in the Eastern District of Pennsylvania under 29 U.S.C. §§l85(a) or 1132(e)(2).

## PARTIES

4. Plaintiffs Cement Masons' Union Local No. 592 Pension Fund, Cement Masons' Union Local No. 592 Welfare Fund and Cement Masons' Joint Apprenticeship Training Fund of Philadelphia and Vicinity (respectively, "Pension Fund," "Welfare Fund," and "Apprenticeship Fund" and jointly "Funds") are trust funds established under 29 U.S.C. §l86(c)(5) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. §l002(37), (l), (2) and (3). The Pension Fund, Welfare Fund and Apprenticeship Fund are administered within the Eastern District of Pennsylvania.

5. Plaintiff General Building Contractors Association Inc. Industry Advancement Program ("IAP") is a trust fund established by the General Building Contractors Association, Inc. for the purpose of fostering and advancing the interest of the general building construction industry in the Philadelphia metropolitan area.

6. Plaintiff Cement Masons' Union Local No. 592 Political Action Committee ("PAC") is an unincorporated association established pursuant to 2 U.S.C. §431 et seq. for the purpose of advancing the political interests of the members of the union by lawfully influencing the selection, nomination, election and/or appointment of individuals for political office.

101084-1

7.     Plaintiff Cement Masons' Union Local No. 592 of Philadelphia, PA ("Union") is an unincorporated association commonly referred to as a labor union and is an employee organization that represents, for purposes of collective bargaining, employees of Pennsbury Excavating & Landscaping Inc. a/k/a Pennsbury Excavating and f/k/a Pennsbury Landscaping, Inc. who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§152(5), (6) and (7), 185(a) and 1002(4), (11) and (12).

8.     The IAP and PAC (jointly "Associations") and the Union maintain their principal place of business and are administered from offices located in the Eastern District of Pennsylvania.

9.     Plaintiff Mike Fera ("Fera") is a fiduciary with respect to the Pension Fund, Welfare Fund and Apprenticeship Fund within the meaning of 29 U.S.C. §1002(21), Chairman of the PAC and President of the Union, with a business address as listed in the caption.  He is authorized to bring this action on behalf of all Trustees of the Pension Fund, Welfare Fund, Apprenticeship Fund, PAC and the Union.  He is trustee ad litem for the IAP in connection with this action.

10.    Upon information and belief, Defendant Net Construction, Inc. ("Company") is a Pennsylvania corporation and employer in an industry affecting commerce within the meaning of 29 U.S.C. §152(2), (6) and (7), 1002(5), (11) and (12) with a business office(s) at the address(es) listed in the caption.

11.    Defendant Christopher Colletti ("Colletti" and together with Company, "Employer") is President of Company and employer within the meaning of 43 P.S. §260.2a. Defendant maintains a business address listed in the caption.

## COMMON FACTS

101084-1

12. At all times relevant to this action, Company was party to a collective bargaining agreement(s) with the Union (singly or jointly, "Labor Contract").

13. Company also signed or agreed to abide by the terms of the trust agreements of the Funds, as from time to time amended (jointly referred to as "Trust Agreements"), made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations.

14. Under the Labor Contract or Trust Agreements, Company agreed:

(a) To make full and timely payments on a monthly basis to the Funds, Union and Associations as required by the Labor Contracts;

(b) To file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contract;

(c) To produce, upon request by the Funds individually or jointly, all books and records deemed necessary to conduct an audit of their records concerning their obligations to the Funds, Union and Associations; and

(d) To pay liquidated damages and all costs of litigation, including attorneys' fees, expended by the Funds, Union and Associations to collect any amounts due as a consequence of the Company's failure to comply with its contractual obligations described in Subparagraphs (a), (b) and (c).

(e) To pay wages to those employees who perform covered work in accordance with required wage rates as set forth in the Labor Contract.

**COUNT III - AUDIT**

**FUNDS AND ASSOCIATION**

101084-1

v.

**COMPANY**

15. The allegations of Paragraphs l through 14 are incorporated by reference as if fully restated.

16. Company is obligated to permit the Funds and Associations to audit its records and to cooperate in determining the contributions due the Funds and Associations.

17. The amount of contributions and work dues Company are required to pay to the Funds and Associations is based upon hours worked and wages paid to employees performing work covered by the Labor Contract.

18. The Funds and Associations are without sufficient information or knowledge to plead the precise nature, extent and amount of the delinquency since the books, records and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of the Company.

19. Computation of the precise amount of an employer's delinquency is normally achieved by an audit of the employer's books and records and/or calculated from contractually-required remittance reports submitted by the employer.

20. Company has not submitted all of the contractually-required remittance reports and no audit of the books and records has been performed.

21. Company is required by the Labor Contract, Trust Agreement or applicable law to permit the Funds and Associations to audit the records and to cooperate in determining the contributions due the Funds and Associations.

22. The Funds and Association have no adequate remedy at law for the calculation of any damages suffered as a result of the breach itself requires an audit.

101084-1

23. All conditions precedent to equitable relief have been satisfied.

WHEREFORE, Plaintiffs ask that the Court:

(1) Enjoin the Company, its officers, agents, servants, employees, attorneys and all others in active concert or participation with them to permit an audit of all records under their actual or constructive control and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due, and

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT IV - CONTRIBUTIONS UNDER CONTRACT AFTER AUDIT

## FUNDS AND ASSOCIATIONS

## v.

## COMPANY

24. The allegations of Paragraphs 1 through 14 and 15 through 22 are incorporated by reference as if fully restated.

25. On information and belief, Company has failed to make contributions to the Funds and Associations as required by the Labor Contract or Trust Agreements in a period not barred by any applicable statute of limitations or similar bar.

26. On information and belief, the Funds and Associations have been damaged by Company's failure to make contributions as required by the Labor Contract or Trust Agreements.

WHEREFORE, Plaintiffs ask that the Court:

101084-1

(1) After an audit, enter judgment against the Company in favor of the Funds and Associations individually for the amount of contributions found due and owing by an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection and enforcement of any judgment, as provided in the Labor Contract or Trust Agreements.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

### COUNT V - CONTRIBUTIONS UNDER ERISA AFTER AUDIT

### FUNDS

### v.

### COMPANY

27. The allegations of Paragraph 1 through 14 and 15 through 22 are incorporated by reference as if fully restated.

28. On information and belief, Company has failed to make contributions to the Funds in violation of 29 U.S.C. §1145 in a period not barred by any applicable statute of limitations or similar bar.

29. The Funds are without sufficient information or knowledge to plead the precise nature, extent and amount of Company's delinquency since the books, records and information necessary to determine this liability are in Company's possession, custody, control or knowledge.

30. On information and belief, the Funds have been damaged by Company's violation of 29 U.S.C. §1145.

WHEREFORE, Plaintiffs ask that the Court:

101084-1

(1) After an audit, enter judgment against Company in favor of the Funds individually for the contributions found due and owing by the audit, together with interest at the rate prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document or statute and reasonable attorneys' fees and costs incurred in this action and in connection with any proceeding to enforce or collect any judgment.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT VI - WAGE PAYMENT AND COLLECTION LAW

### v.

### EMPLOYER

31. Union incorporates Paragraphs 1 through 14 by reference.

32. Employer has not paid wages due to employees represented by the Union under the current collective bargaining agreement.

33. Company, and Colletti are employers within the meaning of 43 P.S. §260.2a.

34. Union is an employee, a group of employees, a labor organization or party to whom any type of wages is payable within the meaning of 43 P.S. §260.9a(a).

35. The amounts sought in this Complaint are "fringe benefits," "wage supplements" or "wages" within the meaning of 43 P.S. §260.2a.

36. No amounts at issue are payable by an employee benefit plan within the meaning of 29 U.S.C. §§1002(1), (2), (3).

101084-1

37. All unpaid amounts sought by this Complaint have remained unpaid for thirty (30) days beyond the date on which they were due.

38. No good faith dispute or contest of a wage claim, right to set off or counterclaim exists between the Union or employees and Employer as to some or all of the amounts at issue.

39. Employer has not paid amounts not in dispute as required by 43 P.S. §260.6. It has not even escrowed them in an interest-bearing account.

WHEREFORE, Plaintiffs ask that the Court:

(a) Enter judgment against the Employer jointly and severally, in favor of Plaintiffs for the benefit of the employees for amounts due and owing liquidated damages equal to the greater of twenty-five percent (25%) of the unpaid contributions or Five Hundred Dollars ($500), interest and costs, including reasonable attorneys' fees incurred in this action and in the enforcement or collection of any judgment, and

(b) Grant any other relief, legal or equitable, as may be just, necessary or appropriate.

Respectfully submitted,

JENNINGS  SIGMOND


BY:_____
SANFORD G. ROSENTHAL (ID.NO. 38991)
MARC L. GELMAN (ID.NO.78857)
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683
(215) 351-0611/23
Attorney for Plaintiffs

Date:_____


101084-1