UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

CEMENT MASONS' UNION LOCAL NO. 592 )
   PENSION FUND, et al )
                                     )     CIVIL ACTION NO.:
                 Plaintiffs )     02-4716
   v. )
                                       )
RAINBOW CONSTRUCTION & DEMOLITION )
   CO., INC., a/k/a Rainbow Construction Co. )
   & Demolition )
                                       )
                Defendant )

## MOTION FOR JUDGMENT BY DEFAULT BY THE COURT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 55(b)(2) AGAINST DEFENDANT RAINBOW CONSTRUCTION & DEMOLITION CO., INC.

Plaintiffs, Cement Masons' Union Local No. 592 Pension Fund, Cement Masons' Union Local No. 592 Welfare Fund and Cement Masons' Union Local No. 592 Joint Apprenticeship Training Fund (respectively, "Pension Fund," "Welfare Fund," and "Apprenticeship Fund" and jointly "Funds"), General Building Contractors Association, Inc., Industry Advancement Program ("IAP"), Cement Masons' Union Local No. 592 Political Action Committee ("PAC"), Cement Masons' Union Local No. 592 of Philadelphia, PA ("Union"), and Mike Fera ("Fera"), (IAP, PAC, Union, Fera and Funds, jointly, "Plaintiffs") by their legal counsel, respectfully move this Court, pursuant to Fed. R. Civ. Pro. 55(b)(2) to enter default judgment in favor of Plaintiffs and against Rainbow Construction & Demolition Co., Inc. a/k/a Rainbow Construction Co. & Demolition ("Company" or "Defendant") for unpaid contributions, liquidated damages, interest under Fund Rules and Regulations and ERISA and attorneys' fees and costs incurred by the Funds pursuant to 29 U.S.C. §§1132(g)(2)(A)-(D), and order Company to cooperate in a contribution compliance audit. Plaintiffs also request an injunction requiring timely payment of

114304-1

continuing contribution obligations.

In support of this Motion, Plaintiffs rely upon the allegations in their Complaint, the Declaration of Anthony DiSabato[1] and the Declaration of Shelley R. Goldner, Esquire [2].

The grounds for this Motion are as follows:

1.    Prior to the commencement of this action, the Funds attempted to resolve this delinquency in an amicable manner.

2.    Despite efforts at an amicable resolution, requested payments were not received and requested audit information was not provided.

3.    On July 17, 2002, the Complaint in this matter was filed.

4.    The Complaint was served on Defendant on September 10, 2002, as appears from the Affidavit of Service filed with the Court.

5.    No Answer to the Complaint has been filed by Defendant.

6.    On November 20, 2002, Plaintiffs filed a Request to Clerk to Enter Default against Defendant pursuant to Fed.R.Civ.Pro. 55(a) and mailed a copy first class mail, postage prepaid to Defendant.  Default was entered on November 20, 2002.

7.    Defendant is not an infant or incompetent person and is not in the Military Service.

**WHEREFORE**, Plaintiffs seek the following relief:

(a)  Judgment entered as set out in the proposed Order and Judgment attached to this Motion.

(b)    Such other and further relief as the Court deems just, necessary and appropriate.

---

[1]    The Declaration of Anthony DiSabato ("DiSabato Declaration") is attached to this Motion as Exhibit 1.  Pertinent parts of the document referred to in the DiSabato Declaration is attached to this Motion as Exhibit 2.

[2]    The Declaration of Shelley R. Goldner ("Goldner Declaration") is attached to this Motion as Exhibit 3.  The document referred to in the Goldner Declaration is attached to this Motion as Exhibit 4.

114304-1                                                                          2

Respectfully submitted,

JENNINGS SIGMOND, P.C.

BY:    _s/Shelley R. Goldner_____
       SANFORD G, ROSENTHAL (ID NO. 38991)
       SHELLEY R. GOLDNER (ID NO. 32896)
       JENNINGS SIGMOND, P.C.
       510 Walnut Street
       Philadelphia, PA  19106-3683
       (215) 351-0611/0644
       Attorneys for Plaintiffs

Dated: May 2, 2003

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

CEMENT MASONS' UNION LOCAL NO. 592   )
  PENSION FUND, et al                     )
                                     )    CIVIL ACTION NO.:
                 Plaintiffs       )    02-4716
    v.                             )
                                     )
RAINBOW CONSTRUCTION & DEMOLITION   )
  CO., INC., a/k/a Rainbow Construction Co.     )
  & Demolition                     )
                                   )
               Defendant      )

**MEMORANDUM OF LAW IN SUPPORT PLAINTIFFS' MOTION FOR
JUDGMENT BY DEFAULT UNDER FEDERAL RULE OF CIVIL PROCEDURE 55(b)
AGAINST DEFENDANT RAINBOW CONSTRUCTION & DEMOLITION CO., INC.**

Plaintiffs, Cement Masons' Union Local No. 592 Pension Fund, Cement Masons' Union

Local No. 592 Welfare Fund and Cement Masons' Union Local No. 592 Joint Apprenticeship

Training Fund (respectively, "Pension Fund," "Welfare Fund," and "Apprenticeship Fund" and

jointly "Funds"), General Building Contractors Association, Inc., Industry Advancement

Program ("IAP"), Cement Masons' Union Local No. 592 Political Action Committee ("PAC"),

Cement Masons' Union Local No. 592 of Philadelphia, PA ("Union"), and Mike Fera ("Fera")

(IAP, PAC, Union, Fera and Funds jointly, "Plaintiffs"), by their legal counsel, file this

Memorandum in Support of their Motion for Judgment by Default.

Defendant Rainbow Construction & Demolition Co., Inc. ("Company" or

"Defendant") is party to a collective bargaining agreement ("Labor Contract") with Cement

Masons' Union Local No. 592, (DiSabato Declaration, ¶7)[1].

---

[1] The Declaration of Anthony DiSabato ("DiSabato Declaration") is attached to the Motion as Exhibit 1.
The Document referred to in the DiSabato Declaration is attached to the Motion as Exhibit 2.

The Labor Contract provides for the payment of contributions to the Funds for time worked by or paid to employees who perform work covered by the terms and conditions of the Labor Contract (DiSabato Declaration, ¶7 and Exhibit 2). The Labor Contract also requires that these contributions must be received by the Funds no later than the tenth (10th) day of the month following the month in which the work was performed (Exhibit 2, Article XII, p. 19.). Failure to make these contribution, or to submit either incorrect or late remittance reports, results in a delinquency to the Funds.

Additionally, the Labor Contract requires Company to produce upon request all books and records necessary to conduct an audit concerning the Company's contribution obligations to the Funds and to pay the cost of the audit if the Company is found to be delinquent in its contributions (Exhibit 2, article XII, p. 21).

The Funds records reveal that the Company has not submitted fringe benefit contributions required by the Labor Contract (DiSabato Declaration, ¶8). Some checks issued to Plaintiffs for these contributions were returned for insufficient Funds. A copy of said checks is attached as Exhibit 5. As a result of Company's failure to remit the full amounts due, the Company owes the Funds at least the sum of Five Thousand Sixty Eight Dollars and Fifty-three Cents ($5,068.53) in contributions. (DiSabato Declaration, ¶8). Company also owes Five Hundred Six Dollars and Eighty-five Cents ($506.85) in liquidated damages (DiSabato Declaration, ¶10, Exhibit 2, Article XII, §1 p. 20). In addition, Company owes the Funds $729.40 in interest on the delinquent contributions through May 30, 2003 as provided by 29 U.S.C. §1132 (g) (2) (B), 26 U.S.C. §6621 (DiSabato Declaration, ¶ 11, Exhibit 2, Article XII, §1, p. 20, and Exhibit 6).

Further, the Company has not submitted all of the contractually-required remittance reports and refuses to submit to an audit of its books and records (DiSabato Declaration, ¶9).

Prior to commencement of this lawsuit, the Funds notified Defendant of this delinquency and attempted to resolve the matter amicably.  Defendant failed to submit the requested payments and has refused to permit a contribution compliance audit.  As a result, this lawsuit was instituted against Defendant on July 17, 2002.  Service of the Complaint and Summons was made on Defendant on September 10, 2002.

Defendant did not file an Answer or other responsive pleading within 20 days of service, and on November 20, 2002, Plaintiffs filed a Request to the Clerk to Enter Default pursuant to Fed. R. Civ. Pro. 55(a).

## ARGUMENT

### A.    ENTRY OF JUDGMENT AGAINST COMPANY FOR UNPAID CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES AND ATTORNEYS' FEES AND COSTS IS ENTIRELY APPROPRIATE

The Company is party to a collective bargaining agreement ("Labor Contract") with Cement Masons' Union Local No. 592, (DiSabato Declaration, ¶7).  Pursuant to the express provisions of the Labor Contract, the Company is required to submit remittance reports and pay contributions to the Funds for time worked by or paid to its covered employees on a monthly basis.  (DiSabato Declaration, ¶7 and Exhibit 2).

The Labor Contract obligates the Company to pay these contributions by the tenth (10th) day of the month following the month in which the monies are accrued (Exhibit 2, Article XII, §1, p.19).  In addition, the Labor Contract provides for the assessment of 10% liquidated damages if an employer is delinquent in the payment of required contributions (Exhibit 2, Article

114304-1                                                    3

XII, § 1, p. 20) and interest in accordance with 29 U.S.C. §1132(g)(2) ).  (Exhibit 2, Article XII,

§1, p.20).

> Section 515 of the Employee Retirement Income Security Act, 29 U.S.C. §1145 provides:
>
>> "Every Employer who is obligated to make contributions to a
>> multiemployer plan...under the terms of a collectively-bargained
>> agreement shall...make such contributions in accordance
>> with...such agreement."

If an employer fails to make the contributions as required by the collective

bargaining agreement and Section 515, then the employer is subject to the provisions of Section

502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2).  If a judgment under Section 515 is entered in the

Funds' favor, then Section 502(g)(2) provides for the mandatory award of the following:

(A)    the unpaid contributions,

(B)    interest on the unpaid contributions,

(C)    an amount equal to the greater of -

    (i)    interest on the unpaid contributions, or

    (ii)    liquidated damages provided for under the plan
        in an amount not in excess of 20 percent (or
        such higher percentage as may be permitted
        under Federal or State law) of the amount
        determined by the court under subparagraph
        (A),

(D)    reasonable attorney's fees and costs of the action, to be paid by the
    defendant, and

(E)    such other legal or equitable relief as the Court deems appropriate.

The failure of an employer, like Company, to comply with its contractual and statutory

obligations results in a substantial adverse impact on the Funds' ability to meet their legal

obligations. The Funds are obligated by express mandates of the Employee Retirement Income Security Act of 1974 and by the documents and instruments by which they are administered to provide health and welfare benefits and pension credits to the Company's employees who are otherwise eligible to receive them. 29 C.F.R. 2530-200b2(a)(l) and (2); Central States, S.E. & S.W. Areas Pension Fund v. Admiral Merchants Motor Freight, Inc., 511 F.Supp. 38 (D.Minn. 1980), aff'd sub nom, Central States, S.E. & S.W. Areas Pension Fund v. Jack Cole-Dixie Highway Company, Inc., 642 F.2d 1122 (8th Cir. 1981). The Funds are required to provide these benefits and credits regardless of whether Company makes the contributions. For example, if a covered employee of the Company has incurred a substantial hospital bill, the Welfare Fund is obligated to pay his medical expenses despite not receiving contributions from Company. The same applies to retirement benefits provided by the Funds. The result is a significant drain on the resources of the Funds.

Additionally, when an employer fails to remit its contributions the Funds lose the income that they could have earned by investing these contributions. Combining this loss of investment income with the requirement to continue to pay benefits will eventually affect the actuarial soundness of the Funds as well as deplete resources available to pay current health, welfare and/or retirement benefits. Furthermore, the Funds incur additional administrative expenses as a result of an employer's failure to pay its contributions. These losses and added expenses significantly impair the Funds' ability to continue to provide benefits to not only the Company's employees, but to employees of companies that have complied with their contractual obligations.

Based upon Company's checks which were returned for insufficient funds, the Funds have determined that they are owed at least $5,068.53 in delinquent contributions for the months

of December 2000 and March through May 2001. (DiSabato Declaration, ¶8). Interest due on

this amount through May 30, 2003 is $729.40 (DiSabato Declaration, ¶11, Exhibit 2). The

Funds are owed liquidated damages totaling $506.85 (DiSabato Declaration,¶10). The Funds

have incurred attorneys fees and costs of $3,175.00 through April 30, 2003. (Goldner

Declaration, ¶3, Exhibit 4.) Given the clear language of the labor contract and obligations

mandated by ERISA, this Court should not only enter judgment in the Funds' favor but order

Company to file complete, proper and timely remittance reports with accompanying

contributions and to make available to a designated representative of the Funds all payroll books

and records to determine the precise amount of delinquent contributions due and owing from the

period January 2000 to date and to pay the contributions which they owe. Additionally, the

Court should grant the Funds judgment, including the injunctive relief requested, in accordance

with the express mandates of Section 502(g)(2) of ERISA, 29 U.S.C. §ll32(g)(2).

### B. DEFENDANT SHOULD BE ORDERED TO PRODUCE ITS RECORDS FOR AN AUDIT AND PAY ANY AMOUNTS FOUND TO BE DUE AND OWING.

The determination of an employee's benefits is made based upon information contained

on the remittance report. A proper determination of eligibility is not possible if remittance

reports are not submitted or if they contain incorrect information.

In order to determine whether the contributing employer has made all required

contributions and correctly reported hours worked and paid to its employees, the Funds have the

right to review all of the employer's records that relate to its contributory obligation. Central

States, S.E. & S.W. Areas Pension Fund v. Central Transport, Inc., 472 U.S. 559,105 S.Ct. 2833

(1985). The employer has the obligation to maintain appropriate records and to permit the

Funds' auditors to review these records upon request. Michigan Laborers' Health Care Fund v.

Grimaldi Concrete, Inc., 30 F.3d 692, 695 (6th Cir. 1994).  Here, the Labor Contract obligates the Company to allow the audit.  See Exhibit 2, Article XII, §1, p.21.  The scope of records subject to review is broad, and includes those records the auditors reasonably deem necessary to conduct the audit.  DeMarco v. C & L Masonry, 891 F.2d 1236 (6th Cir. 1989).  In addition to the routine payroll records (e.g. time cards, cancelled payroll checks, payroll ledgers and payroll tax returns), they can include the general check registers and cancelled checks, general disbursements ledgers and federal and state corporate income tax returns.  Id.  The Labor Contract also provides that if the audit reveals that the employer failed to pay in full all contributions due, the employer is required to pay for the cost of the audit.  See, Exhibit 2, XII, §1, p.22.

The employer's obligations under the Labor Contract and 29 U.S.C. §1145 mean nothing if the Funds' can not insure compliance through an audit.  The Court should and must order the Company to produce its records for an audit so that a precise determination of the amount owed can be made.  Upon completion of the audit, the Court should enter a further judgment against Company for all additional amounts found to be due and owing under the Labor Contract and ERISA plus the cost of the audit.

## CONCLUSION

Accordingly, in light of the clear statutory intent of ERISA, it is respectfully requested that this Court grant the Plaintiffs the relief requested in this Motion for Default Judgment and enter the attached, proposed Order.

Respectfully submitted,

JENNINGS SIGMOND, P.C.

By:    s/Shelley R. Goldner                 
SANFORD G. ROSENTHAL (ID NO. 38991)
SHELLEY R. GOLDNER (ID NO. 32896)
JENNINGS SIGMOND, P.C.
The Penn Mutual Towers, 16th Floor
510 Walnut Street
Philadelphia, PA 19106
(215) 351-0611/0644

Attorneys for Plaintiffs

Date: May 2, 2003

## CERTIFICATE OF SERVICE

I, SHELLEY R. GOLDNER, ESQUIRE, state, under penalty of perjury, that the

foregoing Motion for Judgment by Default by the Court pursuant to Federal Rule of Civil

Procedure 55(b)(2) against Defendants Rainbow Construction & Demolition Co., Inc. was served

by mailing same first class mail, postage prepaid, on the date listed below to:

Rainbow Construction & Demolition Co., Inc.
2533 West Hagert Street
Philadelphia, PA 19132

_____s/Shelley R. Goldner_____
SHELLEY R. GOLDNER, ESQUIRE

Date: <u>May 2, 2003</u>

THE FOREGOING MOTION HAS BEEN ELECTRONICALLY FILED AND IS
AVAILABLE FOR VIEWING AND DOWNLOADING FROM THE ECF SYSTEM

114304-1

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

CEMENT MASONS' UNION LOCAL NO. 592 )
   PENSION FUND, et al )
                               )       CIVIL ACTION NO.:
             Plaintiffs     )       02-4716
   v.                          )
                               )
RAINBOW CONSTRUCTION & DEMOLITION )
   CO., INC., a/k/a Rainbow Construction Co. )
   & Demolition                    )
                               )
            Defendant      )

## ORDER AND JUDGMENT BY DEFAULT

Upon consideration of the Complaint and Motion for Entry of Judgment by Default of

the Plaintiffs, Cement Masons' Union Local No. 592 Pension Fund, Cement Masons' Union

Local No. 592 Welfare Fund and Cement Masons' Union Local No. 592 Joint Apprenticeship

Training Fund (respectively, "Pension Fund," "Welfare Fund," and "Apprenticeship Fund" and

jointly "Funds"), General Building Contractors Association, Inc., Industry Advancement

Program ("IAP"), Cement Masons' Union Local No. 592 Political Action Committee ("PAC"),

Cement Masons' Union Local No. 592 of Philadelphia, PA ("Union"), and Mike Fera ("Fera"), it

appears to the Court that Defendant Rainbow Construction & Demolition Co., Inc. ("Company"

or "Defendant") was served with process on September 10, 2002, and has inexcusably,

knowingly and willfully failed to appear, plead or otherwise defend, and the default against

Defendant having been entered, it is **ORDERED**:

     1.     Judgment is entered against Company in favor of the Plaintiffs in the amount of

$9,479.78 including:

     (a)    Unpaid contributions of $5,068.53 for the months of December 2000 and March

through May 2001.

114304-1

(b)     Liquidated damages of $506.85 on the unpaid contributions discussed in ¶1(a).

(c)     Interest of $729.40 through May 30, 2003 as provided by 29 U.S.C.

§1132(g)(2)(B), 26 U.S.C. §6621. The contribution amount in Paragraph 1(a) shall continue to

bear  interest as provided in 29 U.S.C. §1132(g)(2)(B) and 26 U.S.C. §6621, as from time to time

amended, until the date of actual payment.

(d)     The cost of the audit provided for in paragraph 3.

(e)     Attorneys' fees and costs incurred in the collection of unpaid contributions and

enforcement of this judgment in the amount of $3,175.00 incurred through April 30, 2003 in

accordance with 29 U.S.C. §1132(g)(2)(D). In addition, Plaintiffs are awarded reimbursement of

all additional attorneys' fees and costs they incur in the collection and enforcement of this

judgment, including those incurred in the collection of delinquent contributions and other

amounts owing which may be found to be due as a result of the audit provided for in paragraph

three (3) and four (4) of this order.

2.     Company, its owners, officers, agents, servant, attorneys, and all persons acting

on their behalf or in conjunction with the Company, shall be and hereby are restrained and

enjoined from refusing to file complete, proper and timely remittance reports with accompanying

contributions for all periods for which Company is obligated to do so under its collective

bargaining agreement(s).

3.     Within twenty (20) days of the entry of this Order Company shall make available

to the designated representative of the Funds or their agents, all payroll books and related records

of Company necessary for the Funds to ascertain the precise amount of delinquent contributions

due and owing for the period from January 2000 to and including the date of the audit.

113569-1                              2

4.    If additional delinquencies are discovered pursuant to the submission of the remittance reports or audit referred to above, or as a result of additional information that becomes available to the Plaintiffs, Plaintiffs may apply to this Court for a Supplemental Judgment by Default reflecting any additional delinquencies, interest, liquidated damages and attorneys' fees and costs pursuant to ERISA, 29, U.S.C. § 1132(g)(2).

In addition, Plaintiffs are awarded reimbursement of all additional attorneys' fees and costs they incur in the collection and enforcement of this judgment.

6.    This Order and Judgment in enforceable, without duplication, by the Plaintiffs, or their agents.

BY THE COURT

Dated: _____          By: _____

                                    JOHN P. FULLAM,                    J.

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

CEMENT MASONS' UNION LOCAL NO. 592 )
   PENSION FUND, et al )
                                                 )      CIVIL ACTION NO.:
                 Plaintiffs )      02-4716
    v. )
                                                      )
RAINBOW CONSTRUCTION & DEMOLITION )
   CO., INC., a/k/a Rainbow Construction Co. )
   & Demolition )
                                                )
                 Defendant )

## DECLARATION OF ANTHONY DiSABATO

       Anthony DiSabato, states, under penalty of perjury that the following is true and correct.

       1.    My name is Anthony DiSabato and my business address is Cement Masons' Union Local No. 592 Welfare and Pension Funds, 2501 Snyder, Philadelphia, Pennsylvania 19145.

       2.    I am the Administrator of the Cement Masons' Union Local No. 592 Welfare Fund, Cement Masons' Union Local No. 592 Pension Fund, General Building Contractors Association, Inc. Industry Advancement Program, Cement Masons' Union Local No. 592 Political Action Committee and Cement Masons' Union Local No. 592 Joint Apprenticeship Training Fund ("Welfare Fund", "Pension Fund", "IAP", "PAC" and "Apprenticeship Fund" and jointly "Funds") and am authorized to make this Declaration on behalf of the Funds.

       3.    I have been Administrator of the Funds since July 1, 1995. Prior to that time I served as Vice President and Business Agent for Cement Masons' Union Local 592 of

114304-1



Philadelphia, PA from January 1, 1995 to June 30, 1995. I am trained and experienced in all aspects of the employee benefits field including those areas relating to contributions due employee benefit plans and the interpretation of collective bargaining agreements requiring such contributions.

     4.   As Administrator of the Funds, I am charged with keeping and maintaining records of contributions received by the Funds; and maintaining individual records of each person, firm and corporation required to make such contributions to the Funds.

     5.   I have personal knowledge of the contents of the collective bargaining agreement and the Agreement and Declarations of Trust referred to in the Complaint of the Funds previously filed in this case.

     6.   The Funds, as part of their normal operating procedure, maintain files containing copies of all remittance reports submitted by contributing employers, and all correspondence sent to the company from the Union. Additionally, records are maintained of all contributions which are paid to the Funds by each contributing employer. This file indicates the name of the contributing employer, his account number with the Funds, the amount paid, the date it was paid and the month or months to which the payment was credited. The Funds' records also include the names and social security numbers of each covered employee employed by that employer.

     7.   My review of the regular business records and files maintained by the Funds shows that Rainbow Construction & Demolition Co., Inc. ("Company" or "Defendant") is party to a collective bargaining agreement signed August 1, 1997 ("Labor Contract") with Cement Masons' Union Local No. 592 ("Union"). The Labor Contract provides for the payment of contributions to the Funds for time worked by or paid to employees who perform work covered by the terms and conditions of the Labor Contract. The Labor Contract also permits the Funds to

113569-1                               2

audit the Company's books and records to determine the contributions due the Funds. The Company remains bound through the current terms of the Labor Contract. A true and correct copy of the Labor Contract is attached to the Motion as Exhibit 2.

8.   My review of the regular business records and files maintained by the Funds show that the Company submitted checks for benefit contributions for the months of December 2000 and March through May 2001 totaling $5,068.53 which were returned for insufficient funds. As a result, the Company owes the Funds at least $5,068.53 in contributions. A copy of the returned checks is attached to the Motion as Exhibit 5.

9.   The Company also has failed to submit all of the contractually-required remittance reports for the periods of June through September 2001, January and February 2002 and April 2002 through the present and has refused to permit a contribution compliance audit as required under the Labor Contract. See Exhibit 2, Article XII, §1(b), p.21.

10.   Company also owes at least $506.85 in liquidated damages under the terms of the Labor Contract. See, Exhibit 2, Article XII, §1(a) p.20.

11.   Company also owes the Funds interest of at least $729.40 on the delinquent contributions through May 30, 2003. See, Exhibit 2, Article XII, §1(a), p. 20. A copy of the interest calculations is attached to the Motion as Exhibit 6.

12.   I have executed this Declaration in support of the Motion of Plaintiffs for Default Judgment against Rainbow Construction & Demolition Co., Inc. and request this Court to consider the same as proof in support of the allegations contained in the Complaint of the Funds and other facts stated in this Declaration.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  _5-1-03_

ANTHONY DiSABATO

# JOINT AGREEMENT

BETWEEN

## GENERAL BUILDING CONTRACTORS ASSOCIATION, INC., AND THE CONCRETE CONTRACTORS ASSOCIATION

AND

## CEMENT MASONS UNION LOCAL 592 OF PHILADELPHIA, PA.

Affiliate Of The

Operative Plasterers and Cement Masons
International Association
Of The United States and Canada

*Effective*
MAY 1, 1997
TO
APRIL 30, 2001



EXHIBIT

2

ALL-STATE LEGAL®

# INDEX

Article 1    Purpose..........................................  1

Article 2    Territorial Jurisdiction ..................  3

Article 3    Union Security ............................  3

Article 4    Working Hours ...........................  6

Article 5    Foreman....................................  11

Article 6    Scarcity of Employment..............  11

Article 7    Apprentices ...............................  13

Article 8    Wage Rates................................  14

Article 9    Method of Paying Wages.............  16

Article 10   Steward.....................................  18

Article 11   Business Agent...........................  19

Article 12   Welfare Fund; Industry Advancement
             Program................................  19

Article 13   Pension Fund ...........................  27

Article 14   Disputes ...................................  29

Article 15   Joint Hearing Panel....................  32

Article 16   Jurisdictional Awards .................  33

Article 17   Miscellaneous ...........................  34

Article 18   Field Dues Check-Off .................  34

Article 19   Most Favored Nation Clause ........  35

Article 20   Political Action Committee............  35

Article 21   Drug Testing Policy.....................  36

Exhibit "A" Memorandum of Understanding .........  42

receiving written notice from the Union of the amount due to the Union from such employee.

"Final paycheck" as used in this Section does not include any amount due to the employee in reimbursement of transportation expense provided for in Section 5 of Article IV.

The signature by an employee of an authorization form as aforesaid shall not effect a waiver or modification of the rights and obligations, under Article III hereof, of the Union or of the Employer.

A $25.00 fee shall be imposed for an employer's bounced check.

## ARTICLE X

## STEWARD

Section 1. Duties of the Steward. The Steward shall examine all working cards at such times as he deems necessary. He shall be permitted a reasonable time to perform his duties.

Section 2. It shall be the duty of a steward to record and report to the proper agent of the Employer all injuries and accidents. He shall remain with any victim of an injury until professional care is available.

Section 3. The duties of a steward shall include the notification of the Business Agent of any work that is not performed in a workmanlike manner.

Section 4. A steward may endeavor to adjust grievances, if possible, but shall not take upon himself the obligation to stop work or strike a job because of a grievance. He shall notify the Business Agent of the existence of a grievance and be guided by his advice and instruction.

## ARTICLE XI

## BUSINESS AGENT

Section 1. Business Agents of the Union shall be allowed to visit on the job at any time, provided there is no interference with men doing their work.

Section 2. The Employer shall provide the Business Agent of the Union with the names and hours worked of employees, if requested.

## ARTICLE XII

## WELFARE FUND; INDUSTRY ADVANCEMENT PROGRAM

Section 1.

(a) Commencing on the first day of May, 1997, each Employer shall, on or before the tenth day following the end of each Payroll week, pay to Cement Masons Welfare Fund and mailed to 2511 Snyder Ave., Phila., PA 19145 or to such other corporate fiduciary as shall be from time to time mutually agreed upon by the Association and Union (any of which is hereinafter referred to as the "Trustee" or "Depository"), a sum as specified in clauses (i) and (ii) of this sub-section (a) for each hour (whether regular time or overtime) for which wages or compensation (including compensation for reporting time as required by Article IV, Section 8, hereof) are payable during such calendar month of any employee. Each such hour is hereinafter referred to as an "hour worked."

The following procedures will be applicable in the event of delinquent payments:

(1) Payments not received by the 10th day following the payroll week which the Report covers shall be considered delinquent.

(2) Payments made after the Due Date will be subject to liquidated damages of 10% of the gross amount due each fund.

(3) If not received by 10 days after the Due Date, the gross amount due each fund will be subject to the above 10% liquidated damages and the employer will also be subject to the following action:

(a) The Union will have the right to withhold employees covered by this agreement from the employer until all sums due are paid and the employees will be paid their wages for the time lost.

(b) The Trustees may notify the bonding company 20 days after the Due Date of the delinquency and institute suit on the Bond.

(c) The Trustees may institute legal action 30 days after the Due Date against the employer, in which case the employer shall be liable to pay (in addition to the principal sums and the 10% liquidated damages due the funds) 6% interest, costs of suit and attorneys' fees.

If the Trustees of the respective Funds in their sole discretion, determine that an Employer has a satisfactory record of timely payments, the Trustees may notify such Employer in writing that his payments into the respective Funds will be required by the 15th day following the end of each calendar month.

(i) The sum of Five Dollars and Fourteen Cents ($5.14) per hour worked from May 1, 1997

for each hour worked when the employee is engaged in the performance of work in the commercial, industrial or institutional building construction field or:

(ii) In the event that the Union should determine to apportion all, or any part of, the increases provided in Article IX to the Welfare Fund, subparagraph (i) shall be automatically amended to reflect the new amount as of the effective date of said apportionment.

(b) Each Employer shall, within ten days after the end of each calendar month, transmit to said Depository, a report containing (1) the names and Social Security numbers of the persons to whom this Agreement is applicable, who have been in the employ of the Employer during such calendar months; (2) the number of hours during said calendar month for which compensation (including compensation for reporting time, as required by Article IV, Section 8 hereof) was payable; and (3) such other payroll information as the Board of Trustees of the "Cement Masons Union Local 592 Welfare Fund," hereinafter provided for, may reasonably require for the proper administration of said Fund. Each Employer shall also, upon request of any agent or designee of the Board of Trustees, permit such agent during regular business hours to inspect and make copies of any and all records of the Employer pertaining to compensation paid to employees, hours worked by employees, moneys withheld from employees for taxes paid on account of employees, and all other records relevant to, and of assistance in determining whether the Employer's obligations hereunder to make payments to the Depository have been faithfully performed. If such inspection and/or audit reveals that the Employer failed to make such payments in full, the Employer shall be required to pay for the cost of such inspection and/or audit.

**Page 22**

(c) The payments to be made under clause (i) of subsection (a) of this Section I, for each hour worked, shall be guaranteed and secured in the following manner:

(i) The Association hereby agrees, with respect to each Employer who employs employees covered by this Agreement and the Association represents in collective bargaining at the time of the execution of this Agreement, or whom it shall begin so to represent after the execution of this Agreement, that the Association will, not more than thirty (30) days after the execution of this Agreement, execute and deliver to the Trustee its undertaking, in the form of a bond, that, upon certification to it by the Trustees that any such Employer is in default in any such payment and that such payment is past due by more than thirty (30) days, then, if the obligation is not satisfied within fifteen (15) days after such certification, the Association out of the funds of the Industry Advancement Program, shall pay unto the Trustee the amounts in default up to, but not exceeding, Twenty Thousand Dollars ($20,000) and in such event the Association is hereby granted all subrogation rights for the purpose of recovering from the debtor the amount advanced in its or his behalf out of the Industry Advancement Program under said bond. No assets of the Association, other than the assets of the Industry Advancement Program hereinafter provided for, shall be looked to for the fulfillment of the foregoing undertaking. Notwithstanding the next preceding two sentences, the Association may, at its sole option and discretion, at any time substitute the bond of an Employer with a recognized and responsible corporate surety in fulfillment of its obligation under the next preceding two sentences and pay the premium for such bond out of the assets of said Industry Advancement Program.

(ii) The Union agrees that it may include in any

**Page 23**

collective bargaining contract with an employer for whom the Association does not act as the collective bargaining representative, if said contract covers the same work and jurisdiction as covered by this Agreement, provisions requiring such employer to make the same payments to the Depository as are required by subsection (a) of this Section I, and to guarantee or secure the faithful making of such payments by the deposit of Twenty Thousand Dollars ($20,000) in cash with the Trustee or by the bond of a recognized and responsible corporate surety. In the event that any such employer shall furnish the bond of a corporate surety the Association shall, out of the funds of said Industry Advancement Program, pay the premium of such bond, provided such premium is in a reasonable amount; if such premium shall be in an amount greater than usually charged for such bond, such employer shall, himself, pay the difference between Two Hundred Fifty Dollars ($250.00) and the amount of said premium , and the Association shall pay, out of the funds of the Industry Advancement Program, Two Hundred Fifty Dollars ($250).

(d) The payments to be made, under clause (ii) of subsection (a) of this Section I, for each hour worked, shall be guaranteed and secured in the following manner:

Each employer to whom this Agreement is applicable, and every other employer who is a party to another collective bargaining agreement with the Union covering the same work and jurisdiction under this Agreement, shall furnish at his own cost and expense a bond, with a recognized and responsible corporate surety, in the face amount of Twenty Thousand Dollars ($20,000) guaranteeing such payments, or, in the alternative, shall furnish his own bond in the sum of Twenty Thousand Dollars ($20,000) guaranteeing such payments and shall deposit with the Trustee as collateral security for the faithful

# INDEPENDENT CONTRACTORS AGREEMENT
## WITH
### PLASTERERS AND CEMENT MASONS UNION LOCAL NO. 592

PLASTERS AND CEMENT MASONS UNION, LOCAL UNION NO. 592 ("Union") and the Undersigned Employer agree that:

1.    The Employer hereby recognizes the Union as the sole and exclusive collective bargaining representative of all of its employees performing work within the work and geographic jurisdiction of the Union.

2.    The Employer shall be, and is hereby, bound by all of the terms and conditions of employment contained in the attached Independent Contractor's agreement between the Union and the Employer governing the Employees' terms and conditions of employment in each of the particular geographic areas where the below-named Employer shall hereinafter perform work within the Union's work jurisdiction that are effective on the date of this Agreement, as well as, any additions, modifications, extensions and renewals thereof as may occur subsequent to the execution of this Agreement in accordance with the process described therein.

3.    This agreement shall be effective as of the date set forth below and shall remain in full force and effect as provided within the above-described collective bargaining agreement with the Union.

PLASTERERS AND CEMENT MASONS
UNION, LOCAL UNION NO. 592

BY: _Mike Fera_____
    MIKE FERA
    PRESIDENT/BUSINESS MANAGER

DATE: _8-1-97_____


PHONE NO. _215-753-1430_____

EIN# _____

_RAinBow Construction + Demolition_
PRINT Full Name of Employer

_Shery Oxxne_____
SIGNATURE OF AUTHORIZED
EMPLOYER REPRESENTATIVE

_7122 Germantown Ave_____
ADDRESS

_Phila_____ _Pa___ _19119___
CITY        STATE   ZIP CODE

This Agreement cannot be altered.

73350-1

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CEMENT MASONS' UNION LOCAL NO. 592   ) | |
|   PENSION FUND, et al               ) | |
|                                  ) | CIVIL ACTION NO.: |
|                Plaintiffs   ) | 02-4716 |
|     v.                          ) | |
|                                  ) | |
| RAINBOW CONSTRUCTION & DEMOLITION  ) | |
|   CO., INC., a/k/a Rainbow Construction Co.  ) | |
|   & Demolition                ) | |
|                                ) | |
|               Defendant   ) | |

## DECLARATION OF SHELLEY R. GOLDNER, ESQUIRE

Shelley R. Goldner, Esquire states, under penalty of perjury that the following is true and correct.

1.      I am employed as an associate with the Law Firm of Jennings Sigmond.

2.      Attached to this Motion as Exhibit 4 is a computerized billing list showing all work performed by the office of Jennings Sigmond and related costs in connection with the collection of the contributions and wages at issue in this action through April 30, 2003. The computerized listing is prepared from contemporaneous attorney time and expense records, the originals of which are maintained in the regular business records and files of Jennings Sigmond. The identity of those performing services connected with this matter are:

| Initials | Name | Title |
|---|---|---|
| LFK | Lane F. Kelman | Attorney |
| MLG | Marc L. Gelman | Attorney |
| SRG | Shelley R. Goldner | Attorney |
| CTM | Cathy T. Morton | Paralegal |

114304-1

EXHIBIT
3
ALL-STATE LEGAL®

3. Based upon my review of Exhibit 4, the Funds have incurred attorney's fees and costs of $3,175.00 in this matter with regard to delinquent contributions.

4. I have executed this Declaration in support of the Motion of Plaintiffs for Default Judgment against Rainbow Construction & Demolition Co., Inc. and request this Court to consider the same as proof in support of the allegations contained in the Complaint of the Funds and other facts stated in this Declaration.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  May 2, 2003                          s/Shelley R. Goldner
                                                   SHELLEY R. GOLDNER, ESQUIRE

113569-1                          2

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

CEMENT MASONS' UNION LOCAL NO. 592   )
  PENSION FUND, et al     )
                            )    CIVIL ACTION NO.:
            Plaintiffs     )    02-4716
                            )
     v.                   )
                            )
RAINBOW CONSTRUCTION & DEMOLITION   )
  CO., INC., a/k/a Rainbow Construction Co.   )
  & Demolition     )
                            )
           Defendant     )

## JENNINGS SIGMOND ATTORNEYS' FEES –APRIL 2003

| Date | Attorney | Task | Time |
|------|----------|------|------|
| 04/23/03 | SRG | Preparation of Motion for Default Judgment Ran Docket, Corporate Search | 3.1 |
| 04/24/03 | SRG | Preparation of Motion for Default Judgment | 0.5 |
| 04/25/03 | SRG | Phone conference with A. DiSabato re: Labor Contract, Preparation of Motion for Default Judgment, Memorandum of Law, Preparation of Supporting Affidavits, Review of CBA, Ran Attorneys' fees for Motion, Calculate Interest | 2.9 |
| 04/28/03 | SRG | Review and revise Default Motion and supporting documents. Phone conference with A. DiSabato re: remittance reports, audit period, Independent Contractors Agreement, Preparation of Exhibits | 1.8 |
| | | **Total** | **8.3** |
| | SRG | 8.3hrs  x $ 210. per hr.    =    $1,743.00 | |
| | | **Grand Total**    =    **$3,175.00** | |

114304-1

EXHIBIT
4
ALL-STATE LEGAL®

REPRINT OF BILLED DETAILS (as billed)

Bill number CM592F-23233-001 SGR
Bill date   03/11/02

Cement Masons Local Union No. 592
  Health, Welfare and Pension Funds
c/o Anthony DiSabato, Jr.
2501 Snyder Avenue
Philadelphia, PA 19145


Rainbow Construction  (23233)

FOR PROFESSIONAL SERVICES RENDERED

02/11/02 LFK  Phone Conference with A. DiSabato regarding
              Delinquency and Open File

                                    .20 hrs  185  /hr     37.00
                                                     ------------
              TOTAL FEES                         $        37.00

DISBURSEMENTS

                                                     ------------
              TOTAL DISBURSEMENTS                $          .00

BILLING SUMMARY

              TOTAL FEES                         $        37.00
                                                     ------------
              TOTAL CHARGES FOR THIS BILL        $        37.00

REPRINT OF BILLED DETAILS (as billed)

```
                    Bill number CM592F-23233-003 SGR
                        Bill date    05/08/02
```

Cement Masons Local Union No. 592
  Health, Welfare and Pension Funds
c/o Anthony DiSabato, Jr.
2501 Snyder Avenue
Philadelphia, PA 19145


Rainbow Construction  (23233)

FOR PROFESSIONAL SERVICES RENDERED

04/05/02 MLG  Phone Conference with A. DiSabato regarding
              Delinquency Information
                                    .20 hrs  185  /hr     37.00
                                                       -----------
              TOTAL FEES                      $          37.00

DISBURSEMENTS

                                                       -----------
              TOTAL DISBURSEMENTS             $            .00

BILLING SUMMARY

              TOTAL FEES                      $          37.00
                                                       -----------
              TOTAL CHARGES FOR THIS BILL     $          37.00

REPRINT OF BILLED DETAILS (as billed)

Bill number CM592F-23233-005 SGR
Bill date   07/10/02

Cement Masons Local Union No. 592
  Health, Welfare and Pension Funds
c/o Anthony DiSabato, Jr.
2501 Snyder Avenue
Philadelphia, PA 19145


Rainbow Construction  (23233)

FOR PROFESSIONAL SERVICES RENDERED

| 06/18/02 MLG | Phone Conference with A. DiSabato regarding Complaint | | | | |
|---|---|---|---|---|---|
| | | .10 hrs | 185 | /hr | 18.50 |
| 06/26/02 MLG | Review of Documents from Fund Phone Conference with A. DiSabato regarding Delinquency | | | | |
| | | .30 hrs | 185 | /hr | 55.50 |
| | TOTAL FEES | | | $ | 74.00 |

DISBURSEMENTS

|  |  |  |  |
|---|---|---|---|
| | TOTAL DISBURSEMENTS | $ | .00 |

BILLING SUMMARY

|  |  |  |  |
|---|---|---|---|
| | TOTAL FEES | $ | 74.00 |
| | TOTAL CHARGES FOR THIS BILL | $ | 74.00 |

REPRINT OF BILLED DETAILS (as billed)

Bill number CM592F-23233-006 SGR
Bill date    08/09/02

Cement Masons Local Union No. 592
  Health, Welfare and Pension Funds
c/o Anthony DiSabato, Jr.
2501 Snyder Avenue
Philadelphia, PA 19145


Rainbow Construction   (23233)

FOR PROFESSIONAL SERVICES RENDERED

07/03/02 MLG  Preparation of Letter to A. DiSabato regarding
              Audit
              Computer Research regarding Company Status
              Preparation of Complaint
                                  1.50 hrs  185  /hr    277.50
07/11/02 MLG  Phone Conference with J. Coyle regarding Audit
              Review and Revision of Complaint
                                   .40 hrs  185  /hr     74.00
07/16/02 MLG  Final revisions of Complaint and Prepare for
              filing
                                   .10 hrs  185  /hr     18.50
07/16/02 CTM  Preparation of Complaint for Court Filing
                                   .20 hrs   85  /hr     17.00
07/17/02 MLG  Review of Court Notice regarding Arbitration
              track
                                   .10 hrs  185  /hr     18.50
07/17/02 CTM  Review of Documents from Court
                                   .10 hrs   85  /hr      8.50
07/18/02 MLG  Review of Court Filing Notice
                                   .10 hrs  185  /hr     18.50
                                                     -----------
              TOTAL FEES                        $        432.50

DISBURSEMENTS

                                                     -----------
              TOTAL DISBURSEMENTS               $           .00

BILLING SUMMARY

              TOTAL FEES                        $        432.50
                                                     -----------
              TOTAL CHARGES FOR THIS BILL       $        432.50

REPRINT OF BILLED DETAILS (as billed)

Bill number CM592F-23233-007 SGR
Bill date   09/10/02

Cement Masons Local Union No. 592
  Health, Welfare and Pension Funds
c/o Anthony DiSabato, Jr.
2501 Snyder Avenue
Philadelphia, PA 19145


Rainbow Construction   (23233)

FOR PROFESSIONAL SERVICES RENDERED

08/20/02 MLG   Review of File regarding service
               Office Conference with C. Morton regarding
               checkmate filing

|  |  |  |  |
|---|---|---|---|
| .30 hrs | 185 | /hr | 55.50 |

TOTAL FEES                              $       55.50

DISBURSEMENTS

| 08/01/02 FF | Filing Fee - US District Court | 150.00 |
| 08/31/02 COPY | Photocopies | .21 |
| 08/31/02 PO | Postage Charges | 1.29 |

TOTAL DISBURSEMENTS                     $      151.50

BILLING SUMMARY

TOTAL FEES                              $       55.50

TOTAL DISBURSEMENTS                     $      151.50

TOTAL CHARGES FOR THIS BILL             $      207.00

REPRINT OF BILLED DETAILS (as billed)

```
                    Bill number CM592F-23233-008 SGR
                        Bill date   10/10/02
```

Cement Masons Local Union No. 592
  Health, Welfare and Pension Funds
c/o Anthony DiSabato, Jr.
2501 Snyder Avenue
Philadelphia, PA 19145


Rainbow Construction   (23233)

FOR PROFESSIONAL SERVICES RENDERED

| Date | | Description | | | | |
|------|------|-------------|------|------|------|------|
| 09/06/02 | MLG | Review of File regarding service Phone Conference with A. Goldberg Memo to File regarding same | | | | |
| | | | .30 hrs | 185 | /hr | 55.50 |
| 09/18/02 | CTM | Review of Documents from Court regarding Executed Summons | | | | |
| | | | .10 hrs | 85 | /hr | 8.50 |
| 09/25/02 | MLG | Review of File regarding service Phone Conference with Talone regarding same | | | | |
| | | | .20 hrs | 185 | /hr | 37.00 |
| | | TOTAL FEES | | | $ | 101.00 |

DISBURSEMENTS

| | | | | |
|------|------|------------|------|--------|
| 09/20/02 | 7100 | Service Fee | | 124.00 |
| | | TOTAL DISBURSEMENTS | $ | 124.00 |

BILLING SUMMARY

| | | |
|---------------------------|------|--------|
| TOTAL FEES | $ | 101.00 |
| TOTAL DISBURSEMENTS | $ | 124.00 |
| TOTAL CHARGES FOR THIS BILL | $ | 225.00 |

REPRINT OF BILLED DETAILS (as billed)

Bill number CM592F-23233-010 SGR
Bill date   12/10/02

Cement Masons Local Union No. 592
  Health, Welfare and Pension Funds
c/o Anthony DiSabato, Jr.
2501 Snyder Avenue
Philadelphia, PA 19145


Rainbow Construction   (23233)

FOR PROFESSIONAL SERVICES RENDERED

| Date | | Description | Hours | Rate | | Amount |
|---|---|---|---|---|---|---|
| 11/14/02 | MLG | Office Conference with S. Goldner regarding Default, Service | | | | |
| | | | .20 hrs | 185 | /hr | 37.00 |
| 11/19/02 | SRG | Preparation of Request to Enter Default Preparation of Litigation Status Report | | | | |
| | | | .70 hrs | 185 | /hr | 129.50 |
| 11/19/02 | CTM | Preparation of Request to Enter Default Preparation of Same for ECF Filing and Filing of Same | | | | |
| | | | .90 hrs | 85 | /hr | 76.50 |
| 11/21/02 | CTM | Review of Documents from Court | | | | |
| | | | .10 hrs | 85 | /hr | 8.50 |
| | | | | | | ----------- |
| | | TOTAL FEES | | | $ | 251.50 |

DISBURSEMENTS

| | | | | |
|---|---|---|---|---|
| | | | | ----------- |
| | TOTAL DISBURSEMENTS | | $ | .00 |

BILLING SUMMARY

| | | | |
|---|---|---|---|
| | TOTAL FEES | $ | 251.50 |
| | | | ----------- |
| | TOTAL CHARGES FOR THIS BILL | $ | 251.50 |

REPRINT OF BILLED DETAILS (as billed)

```
                    Bill number CM592F-23233-014 SGR
                        Bill date   03/10/03
```

Cement Masons Local Union No. 592
  Health, Welfare and Pension Funds
c/o Anthony DiSabato, Jr.
2501 Snyder Avenue
Philadelphia, PA 19145


Rainbow Construction   (23233)

FOR PROFESSIONAL SERVICES RENDERED

| | | | | | |
|---|---|---|---|---|---|
| 02/10/03 SRG | Phone Conference with A. DiSabato for Update for Motion | | | | |
| | | .10 hrs | 210 | /hr | 21.00 |
| 02/14/03 SRG | Phone Conference with A. DiSabato regarding Estimates for Motion, Contractor History | | | | |
| | | .20 hrs | 210 | /hr | 42.00 |
| 02/24/03 SRG | Review of Documents regarding Motion for Default Judgment | | | | |
| | Memo to File Regarding Litigation Status | | | | |
| | | .50 hrs | 210 | /hr | 105.00 |
| | | | | | ----------- |
| | TOTAL FEES | | | $ | 168.00 |

DISBURSEMENTS

```
                                                     -----------
            TOTAL DISBURSEMENTS                   $        .00
```

BILLING SUMMARY

```
            TOTAL FEES                            $       168.00
                                                     -----------
            TOTAL CHARGES FOR THIS BILL           $       168.00
```

REPRINT OF BILLED DETAILS (as billed)
CM592F-23233-ALL SGR                                        Page    1


            REPORT TOTALS

            TOTAL FEES                                    1,156.50

            TOTAL DISBURSEMENTS                             275.50
                                                       -----------
                                                         1,432.00

**RAINBOW CONSTRUCTION & DEMOLITION CO., INC.**
7122 GERMANTOWN AVENUE 2ND FLOOR
PHILADELPHIA PA 19119

1956

60-405/313
116

DATE 5/1/01

PAY TO THE ORDER OF _Cement Mason Local No. 592_    $ 2863.80

_Twenty Eight Hundred & Sixty Three 80/100_ ____ DOLLARS

**SUMMIT BANK**
8500 Germantown Avenue
Philadelphia, PA 19119-2317    116

FOR _replacement check for December benefits_

"001956"  ⑈031304050⑈  4516 004543⑈  ⑈0000 286380⑈

---

**RAINBOW CONSTRUCTION & DEMOLITION CO., INC.**
7122 GERMANTOWN AVENUE 2ND FLOOR
PHILADELPHIA PA 19119

2138

60-405/313
116

DATE 8/13/01

PAY TO THE ORDER OF _Cement Mason Union 592_    UNAVAILABLE FUNDS  $ 2,204.73

_Twenty Two Hundred & Four 73/100_ ____ DOLLARS

**SUMMIT BANK**
8500 Germantown Avenue
Philadelphia, PA 19119-2317    116

FOR _benefits for March, April & May_

"002138"  ⑈031304050⑈  4516 004543⑈  ⑈0000 220473⑈

EXHIBIT
5

$5068.53

Rainbow Construction

Compound Period  ........ :  Daily

Nominal Annual Rate ....:      6.000     %
Effective Annual Rate ... :    6.183     %
Periodic Rate ..................:    0.0164   %
Daily Rate ....................... :    0.01644 %

CASH FLOW DATA

| | Event | Start Date | Amount | Number | Period | End Date |
|---|---|---|---|---|---|---|
| 1 | Loan | 01/10/2001 | 2,863.80 | 1 | | |
| 2 | Loan | 04/10/2001 | 734.91 | 1 | | |
| 3 | Loan | 05/10/2001 | 734.91 | 1 | | |
| 4 | Loan | 06/10/2001 | 734.91 | 1 | | |
| 5 | Payment | 05/30/2003 | 5,797.93 | 1 | | |

AMORTIZATION SCHEDULE - Normal Amortization

| | Date | Loan | Payment | Interest | Principal | Balance |
|---|---|---|---|---|---|---|
| Loan | 01/10/2001 | 2,863.80 | | | | 2,863.80 |
| Loan | 04/10/2001 | 734.91 | | 42.68 | 42.68- | 3,641.39 |
| Loan | 05/10/2001 | 734.91 | | 18.00 | 18.00- | 4,394.30 |
| Loan | 06/10/2001 | 734.91 | | 22.45 | 22.45- | 5,151.66 |
| 2001 | Totals | 5,068.53 | 0.00 | 83.13 | 83.13- | |
| 1 | 05/30/2003 | | 5,797.93 | 646.27 | 5,151.66 | 0.00 |
| 2003 | Totals | 0.00 | 5,797.93 | 646.27 | 5,151.66 | |
| Grand Totals | | 5,068.53 | 5,797.93 | 729.40 | 5,068.53 | |

